# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Charles W. Aro**<br><br>Debtor. | Chapter 13<br><br>Case No. 12-13009 (BLS) |
| **Charles W. Aro,**<br><br>Plaintiff,<br>v.<br>**Triumphe Leasing Network, Inc.,**<br><br>Defendant. | Adv. No. 13-51053 (BLS)<br><br><br><br>Docket Ref. No. 19 |

THE LAW OFFICE OF
DEAN A. CAMPBELL, LLC
Dean A. Campbell
401 N. Bedford Street
Georgetown, DE 19947

*Counsel for Defendant
Triumphe Financial Services*

LACY E. HOLLY, III, P.A.
Lacy E. Holly III
Gene W. Morton
603 Main Street
P.O. Box 700
Odessa, DE 19730

*Counsel for Debtor/Plaintiff
Charles W. Aro*

## OPINION[1]

Before the Court is a Motion for Partial Summary Judgment (the "Motion") in the above-captioned case [Adv. Docket No. 19] by Defendant Triumphe Leasing Network, Inc. ("Triumphe"). Triumphe seeks a judgment on the validity of its

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7052, 9014(c).

lien against debtor/plaintiff Charles W. Aro (hereinafter "Aro"). The Court concludes the Superior Court of the State of Delaware has previously determined the validity of the lien and the doctrine of res judicata precludes this Court from revisiting that issue. Therefore Triumphe's Motion for partial summary judgment is granted.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

## II. STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in favor of that party, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. At the summary judgment stage, the Court's role is not to assess credibility or weigh evidence, but to make the threshold inquiry into whether there is a genuine dispute for trial. Substantive law determines the materiality of facts and only those facts that "might affect the outcome of the suit under governing law" are considered material thereby precluding summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III. BACKGROUND

In 1989 Aro and Triumphe entered into a commercial lease for laundry equipment for Aro's business. As security for this lease, Aro signed a mortgage on his residence in the original amount of the lease. In 1992 Aro and Triumphe refinanced the debt and executed a new commercial lease and mortgage. The new mortgage, with a principal balance of $40,000, was a second lien on Aro's residence and is the lien which is the subject of this action. After a few payments were made, Aro filed for Chapter 13 bankruptcy in 1994 (the "1994 Bankruptcy"). The laundry equipment was eventually abandoned in the 1994 Bankruptcy and Triumphe sold it for $28,000.

Aro alleges that during the pendency of the 1994 Bankruptcy, he met with the president of Triumphe in an effort to resolve issues relating to Triumphe's claim. Aro contends that during this meeting the parties reached an agreement whereby Aro would turn over his business to Triumphe in exchange for a full release of all claims.

Triumphe does not deny that a meeting took place between Aro and its president, but it vigorously disputes the proposition that a settlement was agreed to or implemented. Aro has no record or evidence (beyond his testimony) of the alleged settlement and release.

In April 2010, Aro filed a complaint before the Superior Court for the State of Delaware requesting that court to compel a satisfaction of the mortgage pursuant to 25 Del.C. § 2115, or in the alternative, to declare that a novation had occurred by and upon which terms the subject mortgage should have been satisfied. [Motion, Ex. E; Adv. Docket No. 19]. On September 23, 2011 the Superior Court issues a thorough and comprehensive bench ruling finding that Aro had failed to meet the burden of proof that an accord and satisfaction had occurred. [*See* Motion, Ex. F; Adv. Docket No. 19].

In December 2011, following the court's ruling, Triumphe filed a foreclosure action in the Delaware Superior Court to enforce the mortgage. Aro again filed for bankruptcy on November 2, 2012 and commenced this adversary proceeding challenging the validity and extent of Triumphe's lien. Triumphe has filed a motion for partial summary judgment [Adv. Docket No. 19] and Debtor filed his opposition to Triumphe's Motion [Adv. Docket No. 20]. A hearing on this matter was held on June 19, 2014. This matter has been fully briefed and is ripe for decision.

## IV. LEGAL ANALYSIS

The Motion requires the Court to determine if Aro's claim challenging validity of Triumphe's lien is procedurally barred under principles of res judicata. Triumphe asserts the Superior Court of Delaware has already ruled on the validity of the lien, and that this Court is therefore barred from revisiting that question. Aro argues the doctrine of res judicata does not apply because the Superior Court simply found Aro did not meet his burden of proof in order for that court to compel an accord and satisfaction. Consequently, Aro argues this finding is both different and independent from the question before this Court regarding the validity of the lien.

After carefully reviewing the Superior Court's ruling, this Court finds that application of established principles of res judicata and claim preclusion bar Aro from bringing forth litigation regarding the validity of the lien in this Court.

The United States Supreme Court, along with the Second Restatement of Judgments, has replaced the doctrine of res judicata with the concept of claim preclusion. *See* Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 79 (1984). Both doctrines aim for "judicial economy, predictability, and freedom from harassment" by giving a dispositive effect to prior judgments. Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1987).

A federal court must give the same preclusive effect to state court judgments that those judgments would be given under the law of the state in which the judgment was rendered. Migra, 465 U.S. at 80-81.[2] Therefore, the preclusive effect of Aro's Superior Court judgment is determined by Delaware law.

Unlike federal courts, Delaware courts have "used the terms res judicata and claim preclusion interchangeably . . . ." T.A.H. First, Inc. v. Clifton Leasing Co., 90 A.3d 1093, 1095 n.4 (Del. 2014) (quoting Julian v. Eastern States Constr. Serv., 2009 Del. Ch. LEXIS 69 (Del. Ch. May 5, 2009)). In order to prevent multiplicity of litigation, Delaware law precludes the assertion of claims in subsequent litigation where:

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in

---

[2] *See* The Full Faith and Credit statute in pertinent part reads:
> The . . . judicial proceedings of any court of any State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possession as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. This statute supplements Article IV, § 1 of the Constitution, which applies full faith and credit only to state courts.

the case at bar; and (5) the decree in the prior action was a final decree.

RBC Capital Mkts., LLC v. Educ. Loan Trust IV, 87 A.3d 632, 643 (Del. 2014) (prior claim is not the same, where later claim is based on facts not known, or that had not yet occurred, at the time of prosecution of the first claim). Additionally, Delaware law extends the procedural bar to preclude all issues that *might* have been decided, Gregory, 843 F.2d at 116, and thus preclusion is not limited only to issues that were actually presented and decided. *See* LaPoint v. AmericsourceBergen Corp., 970 A.2d 185, 192 (Del. 2009). In fact, even if a present claim is grounded on a different theory than that which was presented in the prior suit, under Delaware law, a claim may be precluded if both claims arose out of the same transaction and could have been previously presented to a court. Id. Therefore, the claim preclusion doctrine under Delaware law encompasses both merger and bar principles.

    In the instant case there is no dispute that four of the five factors set forth by Delaware law are met. The Superior Court of Delaware had jurisdiction over the subject matter and the parties. The parties from the original suit are the present parties. The earlier state court action was adversely decided against Aro, who has now brought forth this adversary proceeding. Finally, the Superior Court's decision was final. The only question that remains is whether the original claim is the "same" claim before the Court today or is otherwise sufficiently related to the original claim so as to bring it within the ambit of the prior ruling. *See* RBC Capital Mkts., LLC v. Educ. Loan Trust IV, 87 A.3d at 643 (analyzing whether the cause of action asserted was the "same" as that later asserted).

    Courts have found that two claims are the same claim if the plaintiff knew, or could have known, about that claim and could have asserted it in the prior action. LaPoint, 970 A.2d at 193-94. Two claims arise from the same transaction if they are derived from "a common nucleus of operative facts." Id. at 193. Both claims here rely on the alleged agreement made in 1994 releasing Aro of all claims by Triumphe in exchange for his leasehold and other business assets. Based on the alleged agreement, Aro tried, and failed, to compel an accord and

satisfaction of Triumphe's lien in the Superior Court in 2011. Aro relies on precisely the same alleged agreement to request this Court to find the lien is no longer valid. In both instances, Aro seeks the same relief or remedy: to be relieved of any current financial obligation to Triumphe.

In requesting the state court to compel an accord and satisfaction to release Aro from a debt obligation, Aro was in effect requesting that court to find Triumphe's lien was no longer valid. Therefore, the original cause of action is the same as the one before this Court today. This Court is bound by the prior determination of the Superior Court of Delaware.

## V. CONCLUSION

For the foregoing reasons, the Court finds the doctrine of res judicata applies, thereby barring Aro's challenge to the validity of Triumphe's lien and claim in this adversary proceeding. Accordingly, Triumphe's motion for partial summary judgment is **GRANTED**. An appropriate order follows.

BY THE COURT:

Dated: July 24, 2014
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge