IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| CHARLES W. ARO ) | Case No. 12-13009 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| CHARLES W. ARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-51053 (BLS) |
| ) | |
| TRIUMPHE LEASING NETWORK, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THE LAW OFFICE OF
DEAN A. CAMPBELL, LLC
Dean A. Campbell
401 N. Bedford Street
Georgetown, DE 19947

*Counsel for Defendant
Triumphe Financial Services*

LACY E. HOLLY, III, P.A.
Lacy E. Holly III
Gene W. Morton
603 Main Street
P.O. Box 700
Odessa, DE 19730

*Counsel for Debtor/Plaintiff
Charles W. Aro*

## OPINION[1]

Plaintiff/Debtor Charles W. Aro commenced this adversary proceeding to determine the extent and validity of the liens asserted by Triumphe Leasing Network, Inc. ("Triumphe"). For the reasons stated below, following a trial in this matter, the Court finds and rules that Triumphe possesses an allowed secured claim in the amount of $12,000, plus interest of $19,200 and attorneys' fees allowed in the amount of $6,240.

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law as required by the Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 7052, 9014(c).

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

## II. BACKGROUND

In 1989 Aro and Triumphe entered into a commercial lease for laundry equipment for Aro's business. As security for the lease, Aro signed a mortgage on his residence in the original amount of the lease. In 1992, Aro and Triumphe refinanced and debt and executed a new commercial lease and mortgage. The new mortgage, with a principal balance of $40,000, was a second lien on Aro's residence and is the lien which is the subject of this action. After a few payments were made, Aro filed for Chapter 13 bankruptcy in 1994 (the "1994 Bankruptcy"). The laundry equipment was eventually abandoned in the 1994 Bankruptcy and Triumphe sold it for $28,000.

Aro alleges that during the pendency of the 1994 Bankruptcy, he met with the president of Triumphe in an effort to resolve issues relating to Triumphe's claim. Aro contends that during this meeting, the parties reached an agreement whereby Aro would turn over his business to Triumphe in exchange for a full release of all claims.

Triumphe does not deny that a meeting took place between Aro and its president, but it vigorously disputes the proposition that a settlement was agreed to or implemented. Aro has no record or evidence (beyond his testimony) of the alleged settlement and release.

In April 2010, Aro filed a complaint before the Superior Court for the State of Delaware requesting that court to compel a satisfaction of the mortgage pursuant to 25 Del.C. § 2115, or in the alternative, to declare that a novation had occurred by and upon which terms the subject mortgage should have been satisfied. [Motion, Ex. E; Adv. Docket No. 19]. On September 23, 2011 the Superior Court issued a thorough and comprehensive bench ruling finding that Aro had failed to meet his burden of proof that an accord and satisfaction had occurred. [*See* Motion, Ex. F; Adv. Docket No. 19].

In December 2011, following the Superior Court's ruling, Triumphe filed a foreclosure action in the Delaware Superior Court to enforce the mortgage. Aro again filed for bankruptcy

on November 2, 2012 and commenced this adversary proceed challenging the validity and extent of Triumphe's lien.

Triumphe sought partial summary judgment [Docket No. 19], asserting that Aro was barred from challenging or re-litigating in this Court the matters ruled upon by the Delaware Superior Court. By Opinion and Order dated July 24, 2014 [Docket Nos. 32 and 33], this Court granted Triumphe's motion and ruled that the determination by the Delaware Superior Court that Triumphe's secured claim is valid cannot be challenged in this proceeding.

On July 29, 2014, trial was held and the Court heard testimony from both sides and received into evidence numerous exhibits. The purpose of the trial was to determine the amount of Triumphe's secured claim and the amount of interest and attorneys' fees due to Triumphe. The matter has been fully tried and is ripe for disposition.

## III. DISCUSSION

As a threshold matter, Debtor contends that Triumphe's action must fail because Triumphe did not timely file a proof of claim in this bankruptcy proceeding. Because the Debtor has scheduled Triumphe as holding a secured claim of $0.00, Debtor contends that Triumphe's failure to file a proof of claim binds it to the scheduled amount. In response, Triumphe has filed a motion to amend the claims register, or alternatively to deem its claim timely filed [Docket No. 24].

The Court will grant Triumphe's motion to amend the claims register. First, there is no legal prejudice to Aro from Triumphe's delay: the Triumphe secured claim is the reason for the bankruptcy filing and it is abundantly clear that the Debtor was aware of the nature and extent of the asserted liability. Further, the record reflects that Triumphe filed a proof of claim as an attachment to its motion to dismiss this bankruptcy case [Docket No. 4, dated June 13, 2013]. Thus, the Court can treat that filing as an informal proof of claim since it was filed with the Court and effectively put the Debtor on notice of Triumphe's demand.[2]

---

[2]    *Hatzel & Buehler, Inc. v. Station Plaza Associates, L.P.*, 150 B.R. 560, 561 (Bankr. D. Del. 1993).

Having found that Triumphe's claim is permitted and will not be stricken or disallowed on technical grounds, the Court turns to the amount of the secured claim. The record reflects that Triumphe loaned the Debtor the sum of $40,000 and obtained a junior mortgage on the Debtor's residence. The senior mortgage was satisfied in 2007.[3]

The undisputed record confirms that Triumphe was paid $28,000 following the sale of the laundry equipment in 1994. The principal balance as of 1994 was therefore $12,000.

Neither the lease executed by the parties (Trial Ex. 3), nor the mortgage granted by the Debtor identifies a rate of interest. Triumphe, through the testimony of Mr. Kantor, presented evidence that the applicable interest rate was approximately 14%. That number was derived from tabulating the total payments under the lease compared with the amounts loaned. The Debtor disputes the derived 14% figure, and contends that the interest rate should either be zero (as the operative documents are silent on interest) or the legal rate under Delaware law.

The Court finds the legal rate to be the operative interest rate here. First, it is clear that Triumphe drafted the transaction documents and they will be strictly construed as to Triumphe. Had Triumphe wanted a 14% interest rate, it had every opportunity to expressly so provide. It did not, and the Court respectfully declines the opportunity to reverse-engineer an interest rate from the economics of the transaction. The Debtor's request for a rate of zero is similarly inconsistent with business realities. Additionally, in the absence of a choice of law provision in the contract, the Court finds that Delaware law will apply. Accordingly, the Court finds and rules that interest on Triumphe's secured claim of $12,000 has accrued at 8%, the applicable legal rate set under Delaware law.

Finally, the parties dispute the entitlement and amount of attorneys' fees and costs Triumphe may assert in this Court. *See* Docket Nos. 35 and 36 (Post-trial letter submissions). The Court will award attorneys' fees at the twenty percent cap provided by 10 *Del. C.* § 3912. The Court finds that Delaware law governs the determination of an award of attorneys' fees. Pursuant to 10 Del. C. § 3912, Triumphe's fees are capped at 20% of the amount of the award.

---

[3] Debtor requests that the Court disallow Triumphe's claim on grounds of laches, since it alleges Triumphe sat by for over a decade. However, since Triumphe held a second position, it did not have the right or obligation to act upon its security interest until the first lien was paid off. The Court finds that Triumphe has acted diligently, and the laches defense is overruled.

The Court has considered and respectfully rejects Triumphe's argument that the statutory cap should only apply to a portion of the fees incurred, on the theory that some of the parties' litigation is not related to the enforcement of the mortgage. The Court finds that all of the proceedings in state court and this Court were for the purpose of enforcing the mortgage and pursuing payment on the secured claim evidenced thereby. Attorneys' fees will be capped at 20% of the total award.

## IV. CONCLUSION

For the foregoing reasons, the Court finds and rules that *res judicata* applies, thereby barring Aro's challenge to the validity of Triumphe's lien and secured claim in this proceeding is allowed in the amount of $12,000, plus interest accruing at the rate of 8%. Triumphe is awarded attorneys' fees in the amount of $6,240. An appropriate order will issue.

**BY THE COURT:**

Dated: Wilmington, Delaware
January 22, 2015

Brendan Linehan Shannon
Chief United States Bankruptcy Judge